**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| PEMENO SHIPPING CO, LTD., }<br>        *Plaintiff(s)* }<br>}<br>v. }<br>}<br>LOUIS DREYFUS CORPORATION, *et al.*, }<br>        *Defendant(s)* } | CIVIL ACTION NO. H-04-2996 |

**MEMORANDUM OPINION**

Pending before the court are Defendant BAGS Holding GmbH's ("BAGS's") motion for summary judgment (Doc. 114) and Plaintiff Pemeno Shipping Co. Ltd.'s ("Pemeno's") motion for default judgment (Doc. 102). For the following reasons, the court ORDERS that both motions are GRANTED.

I. Facts and Procedural Background[1]

Because BAGS has moved for summary judgment under Rule 56, the court must, when examining the evidence, drawing every reasonable inference in Pemeno's favor. *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574. 587-88 (1986).

This case concerns a cargo of bug-infested wheat. The wheat was shipped aboard Pemeno's vessel, the M/V Astir. When the M/V Astir arrived at its intended port of Tripoli, the vessel was boarded by officials from the Department of International Agricultural Quarantine for the State of Libya ("DIAQ"). The DIAQ officials discovered the contaminated wheat and detained the vessel in port. Eventually, the M/V Astir was released in exchange for a Letter of Guarantee in the sum of 7,743,750 Swiss Francs. The guarantee was issued to the intended receiver of the wheat, the National Supply Company ("NASCO"). After reselling the wheat in Sudan, Pemeno filed this lawsuit.

---

[1] For a fuller recitation of the facts of this case please refer to the court's previous orders (Docs. 42 & 68).

Pemeno's first amended complaint (Doc. 44) names International Fumigators Inc. ("International Fumigators"), Orient Inspection and Consulting Ltd. ("Orient Inspection"), Control Union Inspection ("Control Union"), Louis Dreyfus Corp. ("Louis Dreyfus"), BAGS, and Verde Rocca Italiana Ltd. ("Verde Rocca") as defendants. By order issued 14 March 2006, the court dismissed Pemeno's claims against International Fumigators and Louis Dreyfus. On 6 July 2006, Pemeno filed an unopposed motion to dismiss its claims against Orient Inspection and Control Union (Doc. 81). The court granted the motion (Doc. 84), leaving BAGS and Verde Rocca the sole defendants.

II. Summary Judgment Standard

The movant seeking a federal summary judgment initially must inform the court of the basis for his motion and point out those portions of the pleadings, depositions, answers to interrogatories, and admissions on file that demonstrate the absence of a genuine issue of material fact and show that he is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant need not negate the opposing party's claims nor produce evidence showing an absence of a genuine factual issue, but may rely on the absence of evidence to support essential elements of opposing party's claims. *International Assoc. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co.*, 812 F.2d 219, 222 (5th Cir. 1987). The burden then shifts to the non-movant to set forth specific facts and competent summary judgment evidence to raise a genuine issue of material fact on each essential element of any claim on which he bears the burden of proof at trial. Fed. R. Civ. P. 56(c). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party may not rest on mere allegations or denials in its pleadings, but must produce affirmative evidence and specific facts. *Anderson*, 477 U.S. at 256-57. He meets this burden only if he shows that "a reasonable jury could return a verdict for the non-moving

party." *Id.* at 254. A mere scintilla of evidence will not preclude granting of a motion for summary judgment. *Id.* at 252.

All reasonable inferences must be drawn in favor of the non-moving party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574. 587-88 (1986), citing *United States v. Diebold*, 369 U.S. 654, 655 (1962). Once the burden of proof has shifted to the non-movant, he "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. Instead he must produce evidence upon which a jury could reasonably base a verdict in his favor. *Anderson*, 477 U.S. at 249. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.*, 477 U.S. at 249-50. Moreover the non-movant must "go beyond the pleadings and by her own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions are not competent summary judgment evidence. *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1046 (5th Cir. 1996), *citing Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*). The non-movant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the district court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998), *citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992).

III. Analysis

BAGS argues that Pemeno's claims against it should be dismissed because Pemeno's tort claims are barred by the economic loss rule and BAGS, as a non-party to the bill of lading, cannot be liable in contract or under the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 1300 *et seq*. The court will examine each argument in turn.

The court has already found that the economic loss rule[2] bars Pemeno's negligence and strict liability claims. *See* Memorandum Opinion & Orders (Docs.42 & 68). Pemeno has appealed this ruling to the Fifth Circuit, and the court will not reconsider its prior findings.

BAGS claims that it cannot be liable in contract or under COGSA because it was acting for a disclosed principle when it signed the Bill of Lading. If this is the case, then under agency principles, BAGS did not become a party to the contract and was not the statutory shipper. Restatement (Second) of Agency § 320 (1958); *see also Westmoreland v. Sadoux*, 299 F.3d 462, 467 (5th Cir. 2002); *Marine Overseas Services v. Crossocean Shipping Co.* 791 F.2d 1227, 1232 (5th Cir. 1986). "In the absences of a manifestation to the contrary therein, an unsealed written instrument is interpreted as the instrument of the principle and not of the agent if, in the signature or description of the parties, the name of the principle and agent both appear, the agent indicating his agency." Restatement (Second) of Agency § 156; *see also Nishimatsu Construction Co. Ltd. v. Houston National Bank*, 515 F.2d 1200, 1207 (1975) (Wisdom, J.). In this case, the box labeled shipper on the Bill of Lading states "BAGS Holding GEX. M.B.H on behalf of : VR Verde Rocca Italiana LTD, Sleima, Malta." Bill of Lading (Doc. 44, Ex.A). "On Behalf of" is a phrase indicating an agency relationship. Restatement (Second) of Agency § 156 comment (a).

Pemeno, apparently conceding that BAGS cannot be liable if it was acting as the agent of a disclosed principle, argues that BAGS has failed to prove the existence of an agency relationship.

---

[2] The economic loss rule bars recovery for economic losses caused by unintentional maritime torts absent physical damage to property in which the victim has an ownership interest. *State of Louisiana ex rel. Guste v. M/V TESTBANK*, 752 F.2d 1019 (5th Cir. 1985).

This argument is unconvincing for two reasons.  First, Plaintiff Pemeno has the burden of establishing the existence a valid contract, *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003), and the applicability of COGSA.  Second, BAGS has introduced a letter from Verde Rocca (Doc. 114, Ex. 3) instructing it to ship the wheat on Verde Rocca's behalf.  This letter supports the conclusion that BAGS was acting as Verde Rocca's agent when it signed the Bill of Lading.

Turning to Pemeno's motion for default judgment (Doc. 102), it appears that Verde Rocca has been served twice in these proceedings but has never appeared.  Verde Rocca was first served on 28 December 2005 via the Texas Secretary of State; it was then served on 14 August 2006 via its counsel in the Libyan proceedings. Despite being served twice, Verde Rocca has not filed a responsive pleading.  Verde Rocca, a legal entity, is not a minor, incompetent, or current member of the military service.  Accordingly, the court finds that, pursuant to Federal Rule of Civil Procedure 55, entry of default is proper.  Rather than seek a sum of damages, Pemeno has requested that the court enter a default judgment of liability.

IV. Conclusion

For the aforementioned reasons, it is ORDERED that Defendant BAGS Holding GmbH's motion for summary judgment (Doc. 114) is GRANTED; it is further ORDERED that Plaintiff Pemeno Shipping Co. Ltd.'s request for default judgment against Defendant Verde Rocca Italiana, Ltd. (Doc. 102) is GRANTED.

**SIGNED** at Houston, Texas, this 12th day of January, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE